RILEY NOBLES AND ALICE NOBLES, *Appellants,* vs. D. J. HOBBS, doing business as WEST COAST ROOFING AND PLUMBING CO., *Appellee.*

Division A.

Opinion filed April 1, 1931.

*H. O. Brown,* for Appellants;

*Thomas J. Ellis,* for Appellee.

BUFORD, C.J.—This was a suit to enforce a materialmen's and laborers' lien on certain property. There was a bill of complaint, answer and replication. The suit was based upon a verbal contract made October 15, 1926, the only writing in regard to which consisted of an estimate of work and materials required to be furnished.

All the work and materials included in the estimate were furnished on or before May 10, 1927. It appears that the complainant began to furnish the materials on February 1st, 1927, and continued until May 10, 1927. At that time all material and labor contemplated by the estimate sheet had been furnished. Afterwards, on

September 14th, complainant claims to have furnished defendant a certain quantity of celotex, and on October 12th one gallon of roof paint. There is no evidence that this celotex was ever contemplated to be furnished in connection with the job upon which the estimate was given. It was furnished for a repair job, or betterment work, contemplated and installed after work contemplated by the estimate sheet had been completed and more than four months after the furnishing of materials contemplated by the estimate sheet. Peoples Bank v. Virginia Bridge Co., 94 Fla. 474, 113 So. 680.

There was no notice of lien filed and recorded within three months after the furnishing of the materials contemplated by the estimate sheet. Neither was suit brought within twelve months after that date. Therefore, the complainant lost his right to enforce a lien for the balance due on labor and materials for that construction. The suit was brought within twelve months after the furnishing of the material on September 14th, which amounted to $68.42, and after furnishing the material on October 10th, which amounted to $2.50, making a total of $70.92, which is the amount that the complainant was entitled to recover in this suit.

The decree is reversed with directions that the chancellor enter a decree in favor of the complainant in the sum of $70.92.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

### AMENDMENT OF JUDGMENT.

PER CURIAM.—On motion of the appellee, the judgment

ment filed herein on April 1st, 1931, is amended to read:

The decree is reversed with directions that the chancellor enter a decree in favor of the complainant in the sum of $70.92, together with interest at 8% from April 14, 1927, to date. It is so ordered.

Reversed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.